IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC STE'PHON STEWART                                      PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:09cv412-TSL-FKB

DET. JUAN CLOY AND                                  DEFENDANTS
DET. FELIX HODGES

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This cause comes before the Court on the Plaintiff's Motion for Summary Judgment and Motions to Amend Summary Judgment (Docket Nos. 18, 22, 25) and Plaintiff's "Summary Judgment to Amend and Request for [An] Order to Show Cause" (Docket No. 30). By previous order of this Court, Stewart was granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915. He is also pursuing his claims *pro se.* For the reasons explained below, the undersigned recommends that the Plaintiff's Motions (Docket Nos. 18, 22, 25, and 30) be denied, and that this action be dismissed as "frivolous"[1] pursuant to 28 U.S.C. § 1915(e)(2).

I. Plaintiff's Claims and Procedural History

In this complaint brought pursuant to 42 U.S.C. § 1983, Stewart alleges that his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by the remaining defendants, Detective Juan Cloy and Detective Felix Hodges of the City of Jackson Police

---

[1] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

Department.[2]  Plaintiff brings a myriad of claims against the Defendants in his original complaint and amended complaint.  In brief, the Plaintiff's claims are based upon his arrest and detention for a probation violation, as well as his subsequent arrest on separate charge(s) of armed robbery after he was released from the imprisonment precipitated by his probation violation.  According to the Plaintiff's filings, these armed robbery charge(s) are still pending against him and have not gone to trial.

Plaintiff alleges several claims against Detective Cloy.  He first complains that Detective Cloy obtained information against him illegally by charging him with a crime in November 2007, interviewing him about the alleged crime in January 2008, but not charging him or informing him that he was a suspect in the crime at that time.  He alleges broadly that the bench warrant and affidavit were illegally obtained.  (Docket No. 1, Complaint at 5.)   He alleges that his right to a speedy trial was violated when he was interrogated and advised of his Miranda rights in January 2008, but he did not receive an initial appearance on the charges, nor was he charged with the crime  until March 30, 2009.  (Id.)  He alleges that his indictment twenty months after the crime occurred is illegal.  (Id.)  He alleges that Detective Cloy failed to investigate alibi witnesses, thereby hampering his defense and failing to present "probable cause."  (Id.)  He alleges that his prolonged pretrial imprisonment has violated his due process rights.  (Id.) He alleges that Detective Cloy failed to provide him a copy of the police report and the charges against him.  (Id. at 6.)   He alleges that although he was released from the Hinds County Detention Center on March 20, 2009, no warrants for him showed on N.C.I.C. when he reported to his probation

---

[2]By previous Order, the Court dismissed the Plaintiff's claims against the State of Mississippi; the State District Attorney, Robert Smith; and the State Public Defender, William LaBarr.  See Order, Docket No. 13.

officer in Brookhaven.  However, when he subsequently re-applied for his Social Security and Disabilities benefits, the case worker found that a warrant had been issued for Plaintiff, thereby preventing him from receiving Social Security and Disabilities benefits.  He further demands an evidentiary hearing so that this Court can evaluate the validity of the bench warrant, general affidavit, and other evidence used to charge him. (Id. at 7.)  He further requests that Detective Cloy be questioned at this hearing because his failure to investigate an alibi defense has "greatly impaired" his defense. (Id.)  In sum, he asks this Court to dismiss the charge(s) and indictment because his due process rights have been violated. (Id. at 4 and 7.)  He also asks for monetary damages in the amount of two million dollars for violation of his right of equal protection guaranteed white citizens and for mental anguish and anxiety. (Id. at 4.)  He further requests release from prison so that he can serve his probation in Lincoln County, and he asks for $250,000 in damages from the City of Jackson Police Department for cruel and unusual punishment. (Id.)

The Plaintiff also filed an amended complaint.  (Docket No. 4, Amended Complaint.)  It is in this document that he first alleges claims against Detective Hodges. (Id. at 1.)  He alleges that Detective Hodges interrogated him, along with Detective Cloy, under "false and pretentious means to gain information the City of Jackson intended to use against me in a court of law."  (Id.)  Although not specified in the amended complaint, the Court presumes, based upon the filings, that this interrogation occurred in January 2008, during the same interrogation conducted by Detective Cloy.  Plaintiff alleges that Detective Hodges lied to him about his identity when he allegedly told the Plaintiff that he was an FBI agent. (Id.)  He asks that the information obtained during the illegal interview be considered "inadmissible" in court because it was obtained based

upon a misrepresentation. (Id.) Plaintiff alleges that Detective Hodges also failed to investigate his alibi witnesses.

Before the Defendants answered, the Plaintiff filed a Motion for Summary Judgment and an Amendment to the Motion for Summary Judgment. (Docket Nos. 20 and 22.) In these filings, the Plaintiff asked this Court to grant summary judgment in his favor due to speedy trial violations and violations of his Constitutional rights. Among other arguments, he reiterated that he wished to challenge the "validity of his present incarceration" and seeks dismissal of the charges and the indictment. (Docket No. 18 at 2 and 6; Docket No. 22 at 1.)

The Defendants have filed separate answers to the complaint and amended complaint. (Docket Nos. 23 and 24.) In their answers, the Defendants have set forth several affirmative defenses, including the defenses of failure to exhaust administrative remedies, and qualified and absolute immunity. In response to the Answers, the Plaintiff has filed a "Rebuttal" (Docket No. 27) and two separate documents (Docket Nos. 25 and 30), again asking for this Court to grant summary judgment on his claims. A document filed June 18, 2010, entitled "Notice of the Defendants Unconstitutional Criminal Stature (sic) Error" indicates that the Plaintiff has not been tried on the criminal charges which form the basis of this complaint and the amended complaint. (Docket No. 33.)

## II. Discussion

Because the Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court has the power, and, indeed, "the court shall dismiss the case at any time if the court determines that," among other things, "the action or appeal is (i) frivolous or malicious" or "(ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Furthermore,

although the defendants have raised the defenses of qualified and absolute immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." Wells v. Bonner, 45 F.3d 90, 93 (5th Cir. 1995)(citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)). Because the Court finds that the plaintiff's claims are not cognizable under § 1983, it need not reach the question whether the defendants are entitled to immunity. Id.

Turning to the Plaintiff's claims, the undersigned finds that the claims are not cognizable under § 1983. Plaintiff's multi-faceted attack on his pending charges would call into question the validity of the yet-to-be tried charges. Furthermore, these arguments would be best presented during his defense to these charges. Such claims are not cognizable under § 1983 in this forum until his pending charges have resulted in convictions which have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Stewart has failed to make such a showing. Accordingly, there is no basis in law for Stewart's claims, and the undersigned recommends that this action be dismissed as frivolous.

### III. Conclusion

For the reasons stated above, the undersigned recommends that the Plaintiff's Motions (Docket Nos. 18, 22, 25, and 30) be denied, and this action should be dismissed as "frivolous" for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the 7th day of July, 2010.

                                                             /s/ F. Keith Ball
                                                      UNITED STATES MAGISTRATE JUDGE