UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC STE'PHON STEWART                                    PLAINTIFF

VS.                                CIVIL ACTION NO. 3:09CV412TSL-FKB

DET. JUAN CLOY AND                                      DEFENDANTS
DET. FELIX HODGES

ORDER

This cause is before the court on the objection of plaintiff Eric Ste'phon Stewart to the magistrate judge's report and recommendation entered on July 7, 2010. Having reviewed plaintiff's submission, the court now finds that the magistrate judge correctly concluded that Stewart's § 1983 claim that his right to a speedy trial was violated is precluded by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Anderson v. Galveston County Dist. Clerk, 2004 WL 75452 (5th Cir. Jan. 14, 2004) ("A determination that Anderson's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and Anderson has not shown that his conviction has been overturned or otherwise declared invalid."). Accordingly, the court adopts the report and recommendation as its own opinion insofar as it disposes of this claim.

However, regarding plaintiff's putative false arrest claim, the court determines that remand to the magistrate judge for further consideration is required. Here, as plaintiff broadly

alleges that the bench warrant for his arrest was illegally obtained and as plaintiff has only recently been convicted,[1] the magistrate judge has not had an opportunity to consider whether the evidence obtained during his arrest(s)[2] was used against Stewart at trial. Thus, it cannot be determined on the record now before the court that plaintiff's false arrest claim is necessarily Heck-barred. Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995) ("a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest;" instead, the use at trial of evidence seized during the arrest subjects the claim to the Heck bar, since invalidation of the arrest would undermine the validity of the conviction); Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996) (plaintiff's claim that he was falsely arrested on burglary charge was Heck-barred because if successful, judgment in his favor would call into question his felon-in-possession conviction as handgun was found incident to arrest on burglary charges).

---

[1] According to his objection, plaintiff was convicted on June 25, 2010.

[2] It appears that Stewart takes the position that he was "arrested" by Cloy and Hodges during a January or February 2008 interview conducted by them while he was already in state custody on account of the revocation of his probation for using his aunt and uncle's car without their permission. It appears that he was formally arrested on the charges for which he was recently convicted on March 28, 2009.

2

Further, having reviewed plaintiff's motion for summary judgment and his motion to amend his motion for summary judgment, the court finds that the motions are due to be denied. To the extent that plaintiff seeks a judgment that his speedy trial rights have been violated, his motion is due to be denied because this claim is <u>Heck</u>-barred. Moreover, to the extent that plaintiff seeks summary judgment on his putative false arrest claim, the motions are due to be denied as the record now before the court does not demonstrate that plaintiff is entitled to judgment as a matter of law.

Accordingly, based on the foregoing, it is ordered that this matter is remanded to the magistrate judge for further proceedings and that plaintiff's motion for summary judgment and motion to amend his motion for summary judgment are denied.

SO ORDERED this 29th day of July, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE