IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC STE'PHON STEWART                                          PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:09cv412-TSL-FKB

DET. JUAN CLOY; DET. FELIX HODGES;
REBECCA COLEMAN, Police Chief; and
HARVEY JOHNSON, Mayor                                          DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court for a Report and Recommendation pursuant to the District Court's Order remanding the matter to the undersigned for further consideration. Defendants Cloy and Hodges have filed a Motion for Summary Judgment on Plaintiff's false arrest claim (Docket No. 57). In addition, the Court considers Plaintiff's amended complaint (Docket No. 42) filed without leave of Court since the remand. In this amended complaint, Plaintiff asserts § 1983 claims against Cloy, Hodges, and two additional defendants, Rebecca Coleman and Harvey Johnson. For the reasons explained below, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 57) be granted. The Court, *sua sponte*, also recommends dismissal of the Plaintiff's Amended Complaint (Docket No. 42). The undersigned recommends denial of Plaintiff's separate motion asking that the defendants not be granted immunity (Docket No. 55) and a motion to compel discovery (Docket No. 56). In conclusion, the undersigned recommends that this action in its entirety be dismissed with prejudice as frivolous.

I. Procedural History and Claims

Plaintiff originally brought this action pursuant to 42 U.S.C. § 1983 against detectives

Juan Cloy and Felix Hodges of the City of Jackson Police Department and alleged that they violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.[1] More specifically, Plaintiff posited a speedy trial claim challenging the length and validity of his pre-trial imprisonment on a charge of armed robbery of a business. He also challenged Cloy's and Hodge's interrogation of him on an armed robbery charge while he was incarcerated pursuant to a probation violation. Plaintiff argued that the defendants never informed him either that a warrant for his arrest had been issued or that he was under arrest. His original complaint requested monetary damages for equal protection violations, mental anguish, and cruel and unusual punishment. His amended complaint (Docket No. 4) requested that the Court declare the information obtained during the 2/18/08 interview to be inadmissable in a court of law. At the time he filed his original complaint and amended complaint (Docket Nos. 1 and 4), Stewart had not yet been convicted of the armed robbery charge.

In a Report and Recommendation (Docket No. 35) to the District Judge, the undersigned concluded that Plaintiff's claims were barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994), recommended that the Plaintiff's motions for summary judgment be denied, and recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff filed an objection and asserted, among other things, that "on or about June 25, 2010, the Petitioner was convicted on the charge of armed robbery of a business." Docket No. 36.

The District Court adopted the Report and Recommendation as to the dismissal of

---

[1] By previous Order, the Court dismissed the Plaintiff's claims against the State of Mississippi; the State District Attorney, Robert Smith; and the State Public Defender, William LaBarr. See Order, Docket No. 13.

Plaintiff's § 1983 speedy trial claim, but remanded the case to the undersigned for further consideration of Plaintiff's false arrest claim. Specifically, the District Court held,

> Here, as plaintiff broadly alleges that the bench warrant for his arrest was illegally obtained and as plaintiff has only recently been convicted, the magistrate judge has not had an opportunity to consider whether the evidence obtained during his arrest(s) was used against Stewart at trial. Thus, it cannot be determined on the record now before the court that plaintiff's false arrest claim is necessarily <u>Heck</u>-barred.

Order, Docket No. 37 (citations and footnotes omitted). Thus, on remand, the narrow issue for consideration is "whether the evidence obtained during his arrest(s) was used against Stewart at trial." In an abundance of caution, the court will also examine the Plaintiff's allegation that the arrest warrant was illegally obtained.

In the meantime, after the case was remanded, and before an Omnibus hearing was held, Plaintiff filed an amended complaint without leave of Court. <u>See</u> Docket No. 42. In addition to requesting a jury trial, the complaint purports to add claims against two previously unnamed defendants, Rebecca Coleman, City of Jackson Police Chief, and Harvey Johnson, Mayor of the City of Jackson. In his nineteen (19) page amended complaint, Plaintiff makes no specific allegations against Coleman and Johnson, but, based upon the same set of facts alleged in his complaints at Docket Nos. 1 and 4, sets forth several claims attacking his conviction on the charge of armed robbery. He alleges that his interrogation by police, his arrest, the delay in prosecution, and his pre-trial confinement, all of which culminated in his conviction, violated his due process rights, his equal protection rights, his right to be free from cruel and unusual punishment, and his speedy trial rights. He alleges that "the information gained during the arrest/interrogation was [u]sed [sic] against me to gain a conviction in which I was arrested while serving time on my early release probation in prison. . . ." Docket No. 42 at 7. Finally, in

a section entitled "Relief Sought," Stewart seeks immediate release, reversal of his conviction, and removal of the conviction from his record. Docket No. 42 at 17. He does not seek monetary relief in the amended complaint at Docket No. 42.

The defendants filed answers to the amended complaint. See Docket Nos. 44-47. In their respective answers, defendants assert defenses of absolute and qualified immunity, failure to exhaust, and other defenses. Id.

At the omnibus hearing[2] in this matter, Plaintiff was given an opportunity to elaborate upon his claims. At the hearing, Plaintiff stated that he had sued Johnson and Coleman in their official and individual capacities. He further stated that he sued Johnson because he is mayor and is over the police department. Plaintiff explained that he sued Coleman because she was in charge of the police department, and that her officers had violated his rights. He also asserted that a statement he had given the officers during the February 2008 interrogation was used against him "at trial." However, during the same hearing he testified that he had pleaded guilty to the charge of armed robbery of a business.

## II. Summary Judgment Standard

Defendants Cloy and Hodges have moved for summary judgment on the narrow issue on remand from the district court, Plaintiff's false arrest claim. Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is

---

[2]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 1999 WL 246713, *3 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "the resolution of the issues affect the outcome of the suit under governing law." Id. "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

### III. Discussion

#### A. False Arrest Claim

Defendants Cloy and Hodges argue that they are entitled to summary judgment on the issue of Plaintiff's false arrest claim because he has not produced evidence that the warrant for his arrest was illegally obtained or that the detectives lacked probable cause to charge him with armed robbery. Citing Heck v. Humphrey, 512 U.S. 477 (1994), they assert that the complaint should be dismissed as frivolous because Stewart's conviction has not been invalidated and because a favorable judgment on Stewart's civil claims would imply the invalidity of his

conviction.

According to Heck,

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 487-88.

Throughout Plaintiff's filings, he attacks the validity of the arrest warrant, and thus, the probable cause forming the basis of the warrant. Based on the exhibits in support of the Motion for Summary Judgment, the following time line has emerged regarding the issuance of a warrant and Plaintiff's eventual arrest:

10/10/2007 – An armed robbery of Trustmark Bank, 1725 Terry Road, Jackson, Mississippi, occurred. Police obtained surveillance video of the robbery and a description of the car driven by the alleged robber, both of which were broadcast on local television news reports. Police obtained victim and witness statements from employees of the bank. Docket No. 57-1 at 9 -11.

10/11/2007 – Plaintiff's uncle contacted Defendant Cloy, detective for the City of Jackson Police, and identified Plaintiff as the suspect in the armed robbery based upon television reports. Stating that he was sure that the suspect in the surveillance video was his nephew, Plaintiff's uncle also reported to Cloy that on the morning of the bank robbery, Plaintiff had taken his vehicle that matched the description of the vehicle used in the robbery and had stolen money from his wife. As Plaintiff's uncle and aunt resided in the City of Clinton, they brought

charges against Plaintiff for auto theft and larceny with the City of Clinton. Docket No. 57-1 at 11.

11/16/2007 – A Jackson, Mississippi, Municipal Court Judge issued a bench warrant for Plaintiff's arrest for the armed robbery of Trustmark Bank that occurred on October 10, 2007. Docket No. 57-2. As part of the "Underlying Facts and Circumstances" presented to the Municipal Court Judge, Defendant Cloy presented facts that an individual driving a white 2007 Hyundai Sonata had taken over $6,000.00 from the Trustmark Bank at 1725 Terry Road, Jackson, on October 10, 2007. Cloy represented to the Municipal Court that after broadcasting images of the robbery suspect's face and clothing on local television, Plaintiff's uncle had contacted Cloy and identified Plaintiff as the suspect in the bank robbery footage that had aired on television. Cloy also represented that Plaintiff's uncle had contacted Cloy on October 14, 2007, and advised him that he had received a telephone call from a New Orleans, Louisiana, police officer. The New Orleans police officer advised Plaintiff's uncle that he had Stewart in custody in New Orleans and had learned through NCIC that the vehicle Stewart was driving was stolen from Plaintiff's uncle. Cloy contacted the New Orleans police officer, who told Cloy that Stewart had admitted to receiving money from the robbery of Trustmark.

Sometime between 11/16/2007 and 2/19/2008, Plaintiff was transported to Mississippi by the Mississippi Department of Corrections based on the armed robbery warrant and for a probation violation. Docket No. 57-1 at 9.

2/19/08 – Defendants Cloy and Hodges interviewed Plaintiff while he was incarcerated on the probation violation at Central Mississippi Correctional Facility. Plaintiff executed a waiver of his Miranda rights, and the statement he gave was later transcribed. Docket No. 57-4.

Sometime between 2/19/08 and 3/27/09, Plaintiff was released from the custody of the Mississippi Department of Corrections, Central Mississippi Correctional Facility.

3/27/09 – Police created an arrest report indicating that the Plaintiff was arrested by the Lincoln County Sheriff's Department in Brookhaven, Mississippi, on 3/27/09 on the charge of armed robbery. Docket No. 57-1 at 27. The Arrest Report indicates that Plaintiff was transported to Jackson to be interviewed. Id.

3/31/09 – Defendant Cloy presented a non-suggestive photographic line-up to the victim bank teller, who immediately chose Stewart's photo as the person who she believed robbed her on 10/10/2007. Docket No. 57-1 at 17.

4/20/09 – Plaintiff's statement given to Cloy and Hodges on 2/19/08 was incorporated into the final Police Report. Docket No. 57-1 at 22-24. The report also indicates that the Plaintiff was arrested on 2/19/2008. Docket No. 57-1 at 1.

Based on the documents before the Court, it appears that the original bench warrant for the October 11, 2007, armed robbery was issued for Stewart on November 16, 2007, three months before Stewart's February 19, 2008, interview by Cloy and Hodges. The November 16, 2007, bench warrant was based upon interviews of witnesses, surveillance video of the event, and a statement from Stewart's uncle identifying him as the perpetrator. From the evidence before the Court, the November 16, 2007, bench warrant was not based, and simply could not have been in any way founded, upon Cloy's and Hodge's February 19, 2008, interview of Stewart while he was in the custody of the Mississippi Department of Corrections. Plaintiff has wholly failed to present evidence that this bench warrant was in any way obtained "illegally" or that the bench warrant was not based upon probable cause.

Although Stewart claimed in his amended complaint (Docket No. 42) and in his testimony at the Omnibus Hearing that evidence obtained from him during his "arrest" and interview on February 19, 2008, was used against him "at trial," he also pleaded guilty to the armed robbery charge, and he did not appeal the guilty plea. Since Stewart pleaded guilty and did not actually go "to trial," the February 19, 2008, statement was not used against him "at trial." Nevertheless, the undersigned concludes that an invalidation of the statement Stewart gave to the defendants would call into question his guilty plea and conviction. Thus, his claim for damages based upon this allegedly illegally obtained statement is barred by Heck. See Pearlman v. City of Fort Worth, 400 Fed. Appx. 956, *2 n. 6 (5th Cir. 2010)(finding that the Heck bar applies to a guilty plea that has not otherwise been invalidated.).

The undersigned finds that probable cause existed for Plaintiff's arrest on the armed robbery charge and that the February 19, 2008, statement was not illegally obtained. Further, the undersigned finds that these claims are Heck-barred. Accordingly, Defendants Cloy and Hodges are entitled to summary judgment on these claims.

### B. Amended Complaint (Docket No. 42)

The Court now turns to Plaintiff's Amended Complaint, located at Docket No. 42, which the Plaintiff filed without leave of Court. In this action brought pursuant to § 1983, Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The court has permitted plaintiff to proceed *ifp*, thus his complaint is subject to screening by the court and *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In his amended complaint (Docket No. 42), Plaintiff alleges the same facts and makes the same claims he made in his previous complaints (Docket Nos. 1, 4), but he has dressed his claims with clearer and more distinct labels. Plaintiff alleges that his interrogation by police, his arrest, the delay in prosecution, and his extended pre-trial confinement, all of which culminated in his conviction, violated his due process rights, his equal protection rights, his right to be free from cruel and unusual punishment, and his speedy trial rights in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. In this amended action, Stewart does not seek monetary damages, but, instead, he exclusively seeks the remedies of immediate release, reversal of his conviction, and removal of the conviction from his record. In addition to previously named defendants Cloy and Hodges, Plaintiff names as defendants Rebecca Coleman, City of Jackson Police Chief, and Harvey Johnson, Mayor of the City of Jackson.

This amended complaint fails for the same reasons his previous complaints (Docket Nos. 1 and 4) failed. This § 1983 complaint attacks his conviction, and Stewart has failed to show that his conviction or sentence on the charge of armed robbery has been reversed or otherwise

invalidated.  See Heck, 512 U.S. 477.   Moreover, in the amended complaint (Docket No. 42), plaintiff does not seek monetary damages, but, instead, he seeks immediate release, reversal of his conviction, and removal of the conviction from his record.  Such relief is not cognizable under § 1983 because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973)).  Accordingly, the undersigned recommends that this amended complaint (Docket No. 42), in its entirety and as to all defendants, be dismissed as "frivolous" for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

### III.  Conclusion

Thus, for the reasons stated above, the undersigned recommends that the Motion for Summary Judgment (Docket No. 57 ) filed by Defendants Cloy and Hodges be granted.  Based upon the same reasoning, the Plaintiff's Motion (Docket No. 55) should be denied.   Moreover, this entire action, including Plaintiff's amended complaint (Docket No. 42), should be dismissed as "frivolous" for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  Finally, Plaintiff's Motion to Compel (Docket No. 56) should be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds
of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Douglass v. United Services

Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 16th day of May, 2012.

　　/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE